# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

February 10, 2014

Ms. Martha Galarza, CPA
Cameron County Auditor
1100 East Monroe
Brownsville, Texas 78523

Opinion No. GA-1041

Re: Whether a county may provide Internet-based local and long-distance telephone service to inmates in county jails
(RQ-1145-GA)

Dear Ms. Galarza:

You ask "[w]hether a Texas County may provide voice over IP local and long distance phone service to inmates held in county jails."[1] The Utilities Code defines "Voice over Internet Protocol service" ("VOIP") as a service that:

> (A) uses Internet Protocol or a successor protocol to enable a real-time, two-way voice communication that originates from or terminates to the user's location in Internet Protocol or a successor protocol;
>
> (B) requires a broadband connection from the user's location; and
>
> (C) permits a user generally to receive a call that originates on the public switched telephone network and to terminate a call to the public switched telephone network.

TEX. UTIL. CODE ANN. § 51.002(13) (West Supp. 2013). You do not provide us with specific information about how a county might provide VOIP service or whether the county would contract with a private vendor to do so. We therefore answer your question in general terms.

The jurisdiction of a commissioners court over county business is limited to powers specifically conferred by the Texas Constitution and statutes. TEX. CONST. art. V, § 18; *Canales*

---

[1]Letter from Ms. Martha Galarza, CPA, Cameron Cnty. Auditor, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Aug. 8, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

*v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). Where a right is conferred or obligation imposed on a commissioners court, "it has implied authority to exercise a broad discretion to accomplish the purposes intended." *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941).

The Legislature has charged county commissioners' courts with providing "safe and suitable jails for the county." TEX. LOC. GOV'T CODE ANN. § 351.001(a) (West 2005). "Each county jail must comply with the minimum standards and the rules and procedures of the Commission on Jail Standards" (the "Commission"). *Id.* § 351.002. The Commission requires each jail facility to have and implement a written "inmate telephone plan." 37 TEX. ADMIN. CODE § 291.1 (2013). Under that plan, the facility "shall provide for reasonable access, both local and long distance, between an inmate and his/her attorney, family, and friends. This may be on a prepaid or collect basis." *Id.* § 291.1(2). In addition, "[a] free telephone shall be available for local calls for those inmates who otherwise would be unable to complete the two required calls" that an inmate is permitted immediately after booking. *Id.* § 291.1(1). Beyond these requirements, the Commission has not restricted how a jail facility provides local and long-distance telephone service. Thus, the law requires that counties provide certain telephone services to inmates, and the counties have "broad discretion to accomplish [that] purpose." *Anderson*, 152 S.W.2d at 1085. Moreover, Local Government Code section 132.007 authorizes a county to "provide through the Internet" any county services authorized by law. TEX. LOC. GOV'T CODE ANN. § 132.007(a) (West 2008). Thus, counties may offer voice over Internet Protocol services to inmates.[2]

Assuming an affirmative answer to your first question, you next ask whether limitations exist "on the ability of a county to profit from the providing of such services or on the use of any such funds generated." Request Letter at 2. If a county provides services through the Internet, it "may only charge a fee for the . . . service if the fee is designed to recover the costs directly and reasonably incurred in providing" the service, and it "may charge the fee only if the governing body of the county . . . determines that providing access to . . . the service through the Internet would not be feasible without the imposition of the charge." TEX. LOC. GOV'T CODE ANN. § 132.007(c) (West 2008). Furthermore, the county should also consider that the Commission's minimum standards require that jail facilities provide "reasonable access" to local and long-distance telephone use. 37 TEX. ADMIN. CODE § 291.1(2) (2013). A court could conclude that the cost of phone service to an inmate is a factor to consider in determining the reasonableness of the access granted by the facility, and the county should therefore ensure that the cost of the services it provides is reasonable. In addition, the FCC recently decided to establish rate caps for

---

[2]Whether any specific VOIP service complies with the Commission's requirements for access to local and long-distance service will require a review of that service. Furthermore, while no Public Utility Commission or Federal Communication Commission ("FCC") regulation expressly prohibits a county from offering VOIP services to inmates, whether and to what extent administrative regulations would limit a county's ability to do so will depend on how the county provides those services. We cannot, in the abstract, determine the applicability of administrative rules.

interstate long-distance calls made by prison inmates.[3]  Any charge imposed by a county would therefore be limited to the extent that the FCC regulations are applicable.  To the extent that a county's fee for VOIP services to inmates yields any revenue within these limitations, this office has previously concluded that any "proceeds generated from the inmate telephone contract . . . are county funds," and that they "may be used for any legitimate county purpose."  Tex. Att'y Gen. Op. No. GA-0059 (2003) at 3.

---

[3]Press Release, Fed. Commc'ns Comm'n, *FCC Bars High Rates for Long Distance Phone Calls in Jails & Prisons Nationwide* (Aug. 9, 2013), http://www.fcc.gov/document/fcc-reduces-high-long-distance-calling-rates-paid-inmates; *see also* Rates for Interstate Inmate Calling Servs., 78 Fed. Reg. 4369 (proposed Jan. 22, 2013) (to be codified at 47 C.F.R. pt. 64) (notice of proposed rulemaking).

## S U M M A R Y

No Texas statute or administrative rule expressly prohibits a county from offering voice over Internet Protocol services to inmates. The provision of those services must comply with the Commission on Jail Standards requirements for inmate telephone services, as well as any other applicable state and federal regulations.

Under Local Government Code section 132.007, if a county provides services through the Internet, it may only charge a fee for the service if the fee is designed to recover the costs directly and reasonably incurred in providing the service.  Furthermore, the amount a county may charge for VOIP services to inmates is limited by the Commission on Jail Standards requirement that inmates be provided reasonable access to local and long-distance phone service and the Federal Communications Commission regulation capping interstate long-distance rates for prisoners.  Any proceeds generated from an inmate telephone contract are county funds, and they may be used for any legitimate county purpose.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee